UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**Randy Scott Beyor,**

         **Plaintiff,**

    -v-              5:04-CV-453

**Annette A. Muir, Esq.,**

         **Defendant.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
Randy Scott Beyor
Plaintiff, *pro se*

Annette A. Muir, Esq.
Defendant, *pro se*

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

  Plaintiff moves for summary judgment in this *pro se* action, commenced April 12, 2004. It is axiomatic that a party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). If the nonmovant fails to carry this burden, summary judgment is appropriate. *See Celotex*, 477 U.S. at 323.

  In his complaint, plaintiff, an inmate in the custody of the Virginia Department of

Corrections, states that he was the beneficiary of a settlement annuity issued by CIGNA Life Insurance Co. of New York ("CIGNA"); that in 1999 he assigned 51 consecutive annuity payments to J.G. Wentworth S.S.C. Ltd. ("Wentworth") in exchange for $130,000; that he needed the $130,000 to pay restitution in connection with criminal charges against him, including forged check charges in Virginia; that he entered into an oral agreement with defendant, an attorney, to represent him in a fiduciary capacity; that defendant deposited $69,000 of plaintiff's monies in a checking account; that defendant told plaintiff she had spent most of the monies taking care of plaintiff's brother's wife Catherine Beyor and her family and that she had given some to Mark Romano, Esq., a lawyer who had represented plaintiff; that on defendant's advice plaintiff signed a support consent claiming that he was the father of Catherine Beyor's youngest child; that defendant appeared in Family Court with the support consent and on April 12, 2000, obtained a support order against defendant on behalf of Catherine Beyor's youngest child; that plaintiff subsequently repeatedly requested that defendant obtain relief from the child support orders but defendant ignored his requests; that from November 1, 2001 through May 5, 2002, plaintiff was held in Virginia Beach City Jail on forged check charges due to defendant's failure to make the restitution payments; that on May 13, 2002, Onondaga County Support Collection Unit served on CIGNA a Notice to Withhold Income regarding plaintiff's annuity payments for the purpose of recouping child support arrears; that thereafter plaintiff himself attempted to obtain relief from the support order; that on March 3, 2003, plaintiff filed a formal complaint against defendant with the Attorney Grievance Committee; that on May 20, 2003, defendant answered the compliant and stated that Catherine Beyor never received any of the support monies; that on June 18, 2003, defendant informed plaintiff by letter that Catherine

Beyor was willing to release to plaintiff all of the accumulated support monies; that on July 20, 2003, defendant told plaintiff she would file a petition to obtain a court order vacating the child support order so that CIGNA would stop withholding the child support amounts; that on August 22, 2003, plaintiff was extradited to Virginia to begin serving a sentence for the forged check charges as a result of defendant's failure to make the restitution payments; that defendant repeatedly assured plaintiff that she had filed a petition to terminate the support obligation, but in fact never did so; that due to plaintiff's own efforts Family Court terminated the support order on February 10, 2004; that plaintiff still owed $36,000 in support arrears; and that defendant has failed to comply with plaintiff's request that she appear in Family Court and obtain relief from the arrears.  The complaint claims that plaintiff is entitled to recover from defendant due to her alleged misappropriation of client's funds, fabrication of papers, representation of conflicting interests, dishonest conduct, coercion and fraud.  Plaintiff claims that in addition to monetary losses, defendant's conduct in failing to make the restitution payments caused him to be imprisoned for over three years.

In her answer, defendant states that she was not retained by plaintiff to act as his attorney but rather that she acted *pro bono* on plaintiff's behalf in a fiduciary capacity at the request of his lawyers; that plaintiff had two attorneys to represent him on criminal charges in Cayuga and Onondaga Counties stemming from his forging his own annuity checks; that plaintiff had also passed forged annuity checks in Maryland and Virginia; that plaintiff directed defendant to pay all bills of Catherine Beyor, his sister-in-law, because he had purchased her home for her and planned to reside with her and her family after his release from jail; that he also directed defendant to give money to his mother; that on some occasions plaintiff would tear up restitution

checks which defendant gave him for his approval; that unbeknownst to defendant, plaintiff's lawyer Mark Romano failed to defend plaintiff against the criminal charges; that one night, by threatening her with physical harm, Romano forced defendant to write a check to him from plaintiff's funds; that the next morning defendant stopped payment on the check; that plaintiff and his sister-in-law Catherine Beyor told defendant that plaintiff was the father of Mrs. Beyor's youngest son and that they had reached an agreement regarding child support; that plaintiff and Mrs. Beyor willingly signed all the necessary papers to obtain an order of child support; that thereafter CIGNA forwarded a portion of the annuity payments to Onondaga County Support Collection Unit and, as a result, there were insufficient monies to satisfy plaintiff's obligations to pay restitution; that plaintiff made decisions as to the disposition of the annuity payments against the advice of defendant; that subsequently both plaintiff and Mrs. Beyor desired to have the support order vacated; that Mrs. Beyor never received any of the child support funds; that the house that plaintiff had bought Mrs. Beyor was sold at a tax sale; that defendant believes that the child support monies may have been seized by the Department of Social Services which had a public assistance lien on the house; that in October 2003 defendant fell ill and was unable to assist plaintiff in vacating the support order; and that defendant never misappropriated funds, deceived her client or acted unethically but rather made every effort to follow his instructions and give him good advice.

      On this motion, the parties submit affidavits and other documents which are substantially consistent with their positions in the pleadings. The parties differ on numerous significant issues, including what instructions plaintiff gave defendant in connection with handling his money and obtaining the support order. It is evident that there are material questions of fact

which preclude summary judgment.

It is therefore

ORDERED that plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

November 17, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge